**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| MARCUS HUNTER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-0788 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 48 |
| | : | | |
| CORRECTIONS CORPORATION | : | | |
| of AMERICA | : | | |
| PATSEY ABNEY, MOMODU U. MOSUA, | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| GERALD BOWSER, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

**I.   INTRODUCTION**

The plaintiff, a former inmate of the Correctional Treatment Facility in Washington, D.C., brings suit alleging negligence and negligent infliction of emotional distress, as well as violations of his constitutional rights pursuant to 42 U.S.C. §1983.  The plaintiff claims that the defendants negligently released him, while he was still a minor, into the adult population of the prison where he was sexually assaulted by an adult inmate.  The plaintiff brings suit against the Corrections Corporation of America ("CCA"), which operates and manages the Correctional Treatment Facility ("CTF"), two of its employees, Patsey Abney ("Abney") and Momodu Musa ("Musa"), the District of Columbia, and Gerald Bowser ("Bowser"), an employee of the District of Columbia's Department of Corrections.  Because the plaintiff has not provided proper notice to the District of Columbia pursuant to D.C. Code §12-309, and because the plaintiff has failed to demonstrate that he has pursued certain administrative remedies as required by the Prison

Litigation Reform Act, ("PLRA"), 42 U.S.C. §1997e, *et seq.*, the court grants defendant District of Columbia's motion to dismiss.

## II.   BACKGROUND

### A.   Factual Background

In 2001, the plaintiff was arrested and charged with armed robbery. Am. Compl. ¶ 16. He was 16 years old. *Id*. ¶ 17. The plaintiff was first held at the District of Columbia's Youth Detention facility and, once his criminal case was transferred to the Criminal Division of the Superior Court of the District of Columbia, was moved to the juvenile block of the D.C. Jail for pre-trial detention. *Id*. ¶¶ 18-20. On January 25, 2002, the plaintiff was transferred to the CTF and, because he was a minor, was separated from the general population in "protective custody." *Id*. ¶¶ 21-22. On May 7, 2002, the plaintiff's 17th birthday, he was transferred into the adult population of the CTF. *Id*. ¶ 23; Def. District of Columbia's Mot. to Dismiss ("Def.'s Mot.") at 2. The plaintiff alleges that an adult inmate sexually assaulted him on or around October 25, 2002. Am. Compl. ¶ 25. The plaintiff reported the assault to his case manager and he was returned into protective custody. *Id.* ¶ 26.

### B.   Procedural History

On April 8, 2004, the plaintiff filed suit in the Superior Court of the District of Columbia against defendants CCA, Abney, and Musa. Compl. at 1. These defendants then removed the case to federal court on May 14, 2004. Def.'s Mot. at 1. The plaintiff sought leave to amend his complaint to join the District of Columbia as a defendant, which the court granted on March 22, 2006. *Id.* at 1. On June 6, 2006, the District of Columbia filed a motion to dismiss the plaintiff's

claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* at 1. The court now addresses the District of Columbia's motion to dismiss.

### III.   ANALYSIS

The District of Columbia argues that the court should dismiss the plaintiff's claims of negligence and negligent infliction of emotional distress because the plaintiff failed to serve notice to the District of Columbia pursuant to D.C. Code § 12-309. Def.'s Mot. at 3. Furthermore, the District of Columbia argues that the court should dismiss the plaintiff's constitutional claims because the plaintiff has not exhausted all administrative remedies before filing his §1983 claim as required by the PLRA. *Id.* at 5. The plaintiff does not dispute that he did not file timely notice with the Mayor's office. Pl.'s Opp'n at 6. Nonetheless, the plaintiff vaguely argues that the court should not dismiss his common law claims merely because "there is no indication" that he served the Mayor's office with timely notice. *Id.* With respect to his constitutional claims, the plaintiff argues that he does not know whether he exhausted the CCA's administrative remedies before filing this suit and requests the opportunity to conduct discovery on this matter. *Id.* at 7.

#### A.   Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial

procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### B. The Court Grants the Defendant's Motion to Dismiss

#### 1. The Plaintiff has Not Given Defendant District of Columbia Proper Notice

To bring tort claims against the District of Columbia, a plaintiff must provide written notice of the approximate time, place, cause, and circumstances of the injury or damage to the

Mayor of the District of Columbia within six months of sustaining the injury or damage.[1]  D.C. Code § 12-309; *Dist. of Columbia v. Campbell,* 580 A.2d 1295, 1298 (D.C. 1990) (holding that the plaintiff did not meet the D.C. Code § 12-309 notice requirement with regard to claims, including negligence, against the District of Columbia); *Shehyn v. Dist. of Columbia,* 392 A.2d 1008, 1013-14 (D.C. 1978) (noting that § 12-309 applies to claims arising out of tortious conduct of employees of the District).  Compliance with the timely notification requirement of §12-309 is strictly applied.  *Dist. of Columbia v. Dunmore,* 662 A.2d 1356 (D.C. 1995) (stating that § 12-309 is construed narrowly against claimants and compliance with its terms is "mandatory as a prerequisite to filing suit against the District") (internal citation omitted).

In this case, the plaintiff "does not dispute that he did not timely file notice with the Mayor's Office of his intent to file tort claims pursuant to [§] 12-309 of the D.C. Code."  Pl.'s Opp'n at 6.  Nonetheless, the plaintiff backs away from this categorical admission by arguing that "[i]t appears that there is no indication . . . that he sent or had sent . . . written notice [to] the Mayor's office as required by statute."  *Id.*  Whether phrased as "[the p]laintiff does not dispute that he did not file timely notice" or that "there is no indication" that the plaintiff filed timely notice, the plaintiff concedes that he did not serve timely notice to the District of Columbia.  Because the plaintiff concedes his failure to comply with the D.C. Code's strict notice requirement, the court dismisses the plaintiff's negligence and negligent infliction of emotional distress claims with respect to defendant District of Columbia.

---

[1]  "An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damages was sustained, the claimant, his agent, or attorney, has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage."  D.C. Code § 12-309.

## 2. The Plaintiff has Not Alleged Exhaustion
## of Administrative Remedies

The PLRA requires that a plaintiff exhaust all of his administrative remedies before bringing an action with respect to prison conditions under 42 U.S.C. §1983.[2] 42 U.S.C. §1997e(a). Proper exhaustion means "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo,* No. 05-416, 2006 WL 1698937, at *5 (June 22, 2006) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002)). Furthermore, the requirement that a plaintiff exhaust administrative remedies may not be waived by the court, but is instead mandatory. *Woodford,* 2006 WL 1698937 at *2.

Some circuits hold that the exhaustion requirement constitutes a pleading requirement, while others hold that it is an affirmative defense. Circuits holding that a plaintiff must allege that he has met the exhaustion requirement in his complaint cite the mandatory language of the PLRA and the interests of efficiency with regard to prisoner litigation. *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1210 (10th Cir. 2003) (noting that "it is the prisoner who can best assert the relationship between his administrative grievance and court filing"); *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir. 1998) (noting that state administrative bodies are better able to handle the high volume of litigation involving state prisoners and that the mandatory language of the PLRA indicates that the plaintiff should plead that he met the exhaustion requirement). Circuits holding that the PLRA exhaustion requirement constitutes an affirmative defense interpret the language of the PLRA to indicate that the exhaustion requirement is a defense that may be forfeited. *Anderson*

---

[2] "No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

*v. XYZ Corr. Health Servs.,* 407 F.3d 674, 681 (4th Cir. 2005) (noting that the mandatory language of the PLRA does not lead to the conclusion that the plaintiff needs to allege exhaustion in his complaint); *Ray v. Kertes,* 285 F.3d 287, 295 n.8 (3d Cir. 2002) (concluding that the policies in implementing the PLRA are not inconsistent with holding that the exhaustion requirement is an affirmative defense). Although these circuits do not require a plaintiff to allege exhaustion in his complaint, they also note that the court may dismiss the plaintiff's case if it is clear that he has not met the exhaustion requirement. *Anderson*, 407 F.3d at 682 (concluding that while the court should give the plaintiff the opportunity to address this issue, the court may dismiss a claim if it is clear from the complaint that the plaintiff has failed to exhaust his administrative remedies); *Ray*, 285 F.3d at 295 n.8 (quoting *Flight Sys., Inc. v. Elec. Data Sys. Corp.*, 112 F.3d 124, 127 (3d Cir. 1997) (noting that affirmative defenses may be considered on a 12(b)(6) motion if there is "an insuperable barrier to recovery by the plaintiff")).

Although the D.C. Circuit has not considered whether the exhaustion requirement constitutes a pleading requirement or an affirmative defense, two district courts in this jurisdiction have concluded that the PLRA exhaustion requirement constitutes an affirmative defense. Furthermore, these cases take the plaintiff's allegations into account. *Ferguson v. Dep't of Corr.*, 2005 WL 3201358 (D.D.C. Oct. 31, 2005) (Kollar-Kotelly, J.) (noting that the complaint "does allege the filing of several inmate grievances" and "appears to suggest that [the] defendants thwarted his efforts to seek relief through the inmate grievance procedure"); *Jackson v. Dist. of Columbia,* 89 F. Supp. 2d 48, 59-60 (D.D.C. 2000) (Kennedy, J.) (concluding that, given the date that the plaintiff alleged that he began his grievance procedure in prison, the plaintiff could not have to have exhausted his administrative remedies before filing his suit in the district court),

*vacated in part on other grounds,* 254 F.3d 262 (D.C. Cir. 2001).  Furthermore, if the plaintiff concedes that he has not exhausted his administrative remedies, the court must dismiss the case. *Henderson v. Fed. Bureau of Prisons,* No. 05-1891, 2006 WL 1371687 (D.D.C. May 15, 2006) (Judge Kollar-Kotelly) (granting the defendant's motion to dismiss because the plaintiff conceded that he had not met the PLRA exhaustion requirement).  Though not binding, the court is persuaded by the approaches of its colleagues in this court and adopts the same approach for the reasons articulated in those cases.

In this case, the plaintiff alleges that he reported the sexual assault to his case manager "one or two days after the assault."  Am. Compl. ¶ 26.  The plaintiff does not give any indication in his complaint that he exhausted the grievance procedures available to him at the CCA. Alleging that he notified his case manager a few days after the incident does not, on the face of the complaint, lead to the inference that the plaintiff exhausted all administrative remedies available to him.

As with the D.C. Code § 12-309 notice requirement, the plaintiff attempts to avoid dismissal by crafting a concession into something that sounds vaguely like an argument in his favor.  This time, the plaintiff argues that "there has been no evidence of what the CCA facility's grievance procedure entails," and requests "an opportunity to learn through discovery what these procedures are and to what degree they were implemented or adhered to with respect to this claim."  Pl.'s Opp'n at 7.  If the plaintiff is not aware of the inmate grievance procedures that *he* should have set in action, the court finds it highly unlikely that he exhausted.

Furthermore, with respect to the plaintiff's request for discovery, the plaintiff should have acquired information concerning administrative remedy procedures *before* filing this suit.

First, a simple internet search reveals that the inmate grievance procedures for the District of Columbia correctional facilities are available online on the District of Columbia's web-page at http://www.csosa.gov/reentry/index.htm. Second, by filing a suit without knowing whether he was able to do so, the plaintiff has placed the cart before the horse. Before filing suit, the plaintiff must figure out which procedures are mandatory, navigate through those procedures, and then, if dissatisfied, seek judicial intervention. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (stating that in cases brought under the PLRA, "exhaustion is a prerequisite to suit"); *Jackson v. Goord*, 2004 WL 1774251 (S.D.N.Y. Aug. 9, 2004) (ruling that "[i]f a prisoner files suit in federal court before exhausting administrative remedies, the federal court must dismiss the complaint – suspending or continuing the action until administrative remedies are exhausted cannot save a case from dismissal") (internal quotations omitted). The plaintiff's action in this case is much like a patient demanding surgery for an illness that has yet to be diagnosed.

To conclude that the plaintiff has exhausted all of his administrative remedies before filing his suit would be to accept as true inferences unsupported by the facts in his complaint. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242. Although notice pleading allows for broad discovery, discovery is not meant to support legally insufficient claims. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1188 n.15 (11th Cir. 2005) (noting that district courts should dismiss legally unsupported claims before discovery so as to prevent abusive discovery and unnecessary costs). Accordingly, the court dismisses the plaintiff's claims under 42 U.S.C. §1983 with respect to defendant District of Columbia.

## IV.  CONCLUSION

For the foregoing reasons, the court grants defendant District of Columbia's motion to dismiss the plaintiff's negligence and negligent infliction of emotional distress claims against it. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of July.

                                                          RICARDO M. URBINA
                                                     United States District Judge